We'll hear the last case on the calendar, Marcus v. Leviton Manufacturin. Please, the court. Good morning, Your Honors. My name is Joseph Nyman, and I represent the Appellant, Mark Marcus, Plaintiff Appellant, Mark Marcus. And as the court is aware, this is a case that was dismissed on the pleadings. And I believe that we've set forth more than ample reason why this case should not have been dismissed on the pleadings. Basically, Mark Marcus showed up to work one day after working a dozen years at a defendant's home and used profanity. And in response to that, he was fired. Now, could that be the reason he was fired? Because he had one bad day in 12 years and used profanity? I guess it could be. But at this stage, where all reasonable inferences are to be given for the pleadings, I don't think that that's the only reasonable inference. You have a few comparatives in the complaint. Is that right? Yes. Would you explain to me why there are actual comparatives under our current case law and why that's sufficient? Your Honor, I believe that if a plaintiff walked into his employment and used vulgar language on a particular day and was told, you're being fired just because you used vulgar language, and he sticks back and thinks to himself, I've worked here for 12 years. I'm doing my job properly. It doesn't make sense that they would fire me just because I used bad language. So first off, Your Honor, in response to your question, I believe that that in and of itself is questionable. If the employer would have said, we're terminating you because you wore purple shoes on Thursday, I might have worn purple shoes on Thursday, but it doesn't make sense that that's the reason you're fired. But it's not enough to show that the stated reason didn't make sense. You have to also allege an improper motivating factor, or in each case, an improper but-for factor, right? Correct. Was that alleged? I believe it was. Other than a conclusory manner? Well, it was alleged, one, he says that over the past three years, they were letting go of older people and keeping younger ones. Also, the two people that we cited. Did he say how many? Did he say when? Did he say what their ages were? Did he say whether they were comparably situated? No. When we say comparably situated, these were employees at the company. Now, whether or not they were in his position, I don't believe that that's the necessary standard at that stage. You can't come in and just say, you know, they're firing older people, and I'm an older person, and I was let go. They've got to be particulars. You cannot, listen, I'm sorry. Otherwise, it's conclusory. I believe that there's a fine line between conclusory and alleged facts. There are certain parameters of what he can know and can't know. What facts does the complaint allege about who these other older people were and other younger people were? He alleged, he said one specific name in particular, that she was over 40 and she was let go, and there was no particular reason. But at this stage— But there's nothing, nothing, no context to that. Just to Ms. Yolanda was let go? Yes. Yes. But— And then you point out that Mr. Kliman, as a comparator, while not considerably younger than plaintiff, used profanity, was not terminated, which seems to cut against the position. That is their argument, but I don't believe that that's necessarily the case. What we're saying in that context is two people, two other individuals in the same company used profanity and were not terminated. Isn't it plausible, more plausible, much more plausible reading of that is that if you are using profanity—well, I'm sorry. Age is not the dispositive factor. So Mr. Kliman, who's 57, 56, uses profanity and is not fired. So this company is not out to get older employees and terminate them. Isn't that a plausible— In that sense, you could make that argument. There's no disputing that. If it's the reverse, in other words, if it's they who have the burden of showing something, you're right. That is a plausible inference that they're not discriminating because they didn't do it. The purpose in alleging that in the complaint is to show, no, they lied. They're making it up. They're making it up because two different employees used profanity, were not terminated. No other employee ever, from the complaint, was ever terminated for using profanity. I go back to what I said about if I wear purple shoes on Thursday. If they've never terminated—if the company had a policy, you know what? There's a lot of reasons we need to get younger. We pay more in insurance. We pay the older people more. They're not as hungry. Just to go back to the questions posed by my colleagues, don't we need to have— when you talk about profanity and we're trying to figure out if these are legitimate comparators, don't we need to know what sort of profanity? I mean it's one thing to use profanity, one curse word once, another thing entirely at the workplace to have a tirade filled with profanity. There's no—at this stage, there's no clear distinction. In other words, they were only—he used profanity. That's the problem. You seem to see that as an advantage. I tend to see that as a problem with the complaint. I would agree with Your Honor if it wasn't the fact that the inference must go towards the pleader, towards the plaintiff. We're alleging that that was not the real reason. The reason we're alleging is not the real reason because nobody was ever terminated for using profanity. And if that's all we had, if all plaintiffs could allege was I've never seen anyone— Was it relevant when the two comparators uttered profanity and were not terminated? No. Suppose it had been five years earlier, ten years earlier. It could be that the company had a policy that no longer is profanity— It doesn't even say when, so we have no idea whether it happened a week before or ten years earlier. That's true, but it certainly happened while he was there. But the problem is that it's not—there's a lot of facts that he doesn't know. The company can have a policy anytime anyone over 55 does something that we can get rid of them, we're getting rid of them. We don't know it at this stage. We can get rid of the other guy who was comparable in age. No, but that doesn't make sense that that's the reason they got rid of him. You're just saying that profanity by itself is not a—there's got to be a pretextual explanation because they are not firing other people engaged in profanity. But the flip side of the argument is we have no idea what sort of profanity each person has engaged in. It's just the word profanity. I would say at that point, well, if you're told you're being fired because you used profanity, that's the word that they used. So at this stage of pleading, I would say that the inference certainly can be drawn. It can be drawn either way. The inference can go either way. You seem to be arguing that because firing for the use of profanity must have been pretextual, that therefore there must be a protected reason, a protected activity that he was engaged in that was the real reason. And then you work to try and develop that. But what if you don't make that threshold? I mean, just firing a person based on profanity may be the wrong thing to do in the context of any employment, particularly if other people are not fired for that. But that doesn't get you anywhere if there's not evidence or some showing that there's a discrimination on a protected ground. If the standard is plausibility and you're in a protected category, I believe it does, it should. Because we don't have the benefit of discovery. I can't show the court in a pleading what was in defendant's mind. I can only allege that it doesn't make any sense. It doesn't make sense because people have used profanity before. It doesn't make sense that the person worked there for 12 years, had one bad day, used profanity, and they're fired. Now, that can be the reason. That may be the legitimate reason that he was terminated. But I don't believe that he should not have his day in court or at least be able to attempt to prove that that's not really the reason. And we're talking about a standard of plausibility. Thank you. We'll save some time for rebuttal. Good morning, Your Honors. May it please the Court. My name is David Greenhouse with the law firm of Jackson Lewis, representing- I'm with the theory that where there's smoke, there must be fire. There's smoke here. I think here there really isn't any smoke, as a matter of fact. There are three allegations that allegedly support this claim for age discrimination. There is one that, again, these two employees, alleged comparators, used profanity and were not fired. It would be one thing, perhaps, if both of those employees were younger than the plaintiff. Or if there was only one comparator and she was younger than the plaintiff. But the alleged comparators are both younger and older than him. So, all that proves is that the company is treating everyone the same. That with respect at least to profanity, they're treating younger employees the same as they're treating older employees. That does not make it- Not the plaintiff. I'm sorry? Not the plaintiff. But that doesn't make- There could be dozens or hundreds of reasons of why they fired him. The most likely is the reason that they gave him. And the only thing this makes more plausible- You know, it doesn't make his age claim more plausible. The only thing it makes more plausible is that the quantity or the quality of the profanity he used was probably significantly different than the quantity or quality of the profanity that the other employees used. But, again, that's something else that's lacking here. Not only does he identify a younger and an older employee as the comparators, he doesn't identify the words used. He doesn't identify the context that they were used. He doesn't identify who in management heard him use this profanity and who in management heard these other employees use the profanity. There's simply no basis to assume that anything about this activity was comparable. The second component of this smoke, perhaps, is that the plaintiff alleges that the defendant was, quote, trying to get younger and retaining older employees. Well, again, he worked there for 12 years. He presumably met and spoke with people along the way. He has an obligation to investigate his claim before filing a complaint. He did not allege a single comment on the part of anyone in management indicating that they were, in fact, trying to get younger. He didn't identify a single conversation he even had with his coworkers that they thought the company was trying to get younger. He identifies a woman named Susan Yolanda. And, again, it's not clear from the complaint whether Susan Yolanda is a younger employee retained or an older employee fired. That's not even clear. But certainly, assuming she is an older employee, he doesn't identify whether she was replaced by a younger employee, what the circumstances surrounding this are. Let me go back to Ms. Randall, and I'm looking at Paragraph 22 of the complaint, A11. And the allegation, at least, is that she was similarly situated to the plaintiff, was subject to the same evaluations, and she not only was heard to have said similar curse words the plaintiff was accused of using, but on numerous occasions yelled such profanity out loud for all to hear. Why isn't that enough? And the management was aware that she yelled and used the same profanity the plaintiff was accused of using, yet she was never terminated. Well, I think Ms. Randall working within four desks of the plaintiff and being subject to the same evaluations and standards doesn't necessarily make them similarly situated. He doesn't identify how long Ms. Randall was with the company. He doesn't identify her position. And, again, he doesn't have similar curse words. Again, my analogy, for whatever it's worth, is it's one thing to say a curse word in an aggressive way at a coworker. It is another thing to say the same curse word, in fact. Wouldn't that be a subject of the summary judgment motion? But it's not alleged in the complaint. He needs to allege some facts from which the court can draw even a minimal inference that he was treated differently based on his age, and given these facts, he hasn't alleged even that. Presumably he knows the curse words he used, and presumably he knows the curse words that Ms. Randall used. He had three opportunities to prepare this complaint. This is his third complaint. Does Little John not change the framework here a little bit? I mean, isn't it easier after Little John to make out an allegation or make out a complaint of discrimination under either Title VII or the ADEA? Well, I think Little John is certainly the context that we view these cases in now, but Little John was a Title VII case, as you alluded to. But we've got Vega, which applies to ADEA cases. Right, but the ADEA has that heightened pleading standard, has that but-for standard. Yes. And here, where you have a case where the employee, number one, admitted that he engaged in the activity, first of all, he's offered only the barest of allegations and supported these age claims. He hasn't alleged any ageist comments. He hasn't alleged any comments made by anyone with management, supporting this claim that the company was trying to get younger. In this case, this really doesn't make out a but-for causation. This case is similar, I think, to the Barone against S&H. What worries me a little bit, though, is that the district court here didn't even cite to Little John or to the post-Little John case law that's developed since then. So why shouldn't we send it back at least to let the district court deal with that? Or are you telling us we can do that even under Little John? It's not enough. Well, I think the district court, number one, it did refer to the Twombly cases. It certainly referred to the proper standards. Why McDonnell Douglasson? That was wrong, correct? Well, I think this court-I can't speak for the district court, of course, but I think- It did apply McDonnell Douglas at the 12B6 stage. It did, but I think this court- And that is wrong. Incorrect. I think this court has approved the use of the McDonnell Douglas standard in analyzing a claim even at the outset of the case. This court-I think in- I don't think that's true. Well, Sorkowitz makes it clear that a short, plain statement of the facts doesn't have to make out a prima facie case. You don't have to plead a prima facie case. Of course I agree with that, but, again, in Little John and Vega, this court cited to a First Circuit case which held that the prima facie standard can be used as a prism to shed light upon the plausibility of the claim at the outset of things. So, number one, I don't know that her use or her reliance on McDonnell Douglas is per se improper at this point, but in any event, this court is reviewing the record de novo, and I think under any standard the allegations here do not make out a plausible claim of age discrimination. Plaintiff also has claim- You can pass on the paramour exception. I-that's pretty clear in our law that the paramour-you don't get-you can't allege that. That's not a basis for sex discrimination. I think the retaliation claims here and the hostile work environment claims also were properly dismissed for that reason. In the Kelly v. Howard Shapiro case that this court cited, I think in 2013, is pretty much on point. Here the plaintiff has even conceded that he and all employees, not just men and not just him, he and all employees were treated, allegedly, worse than this woman who was having an affair with her supervisor. I've read the complaint and I've read the pleadings a number of times. It seems like plaintiff is confusing sexual activity with gender-based discrimination. Discrimination on the basis of sex, not discrimination on the basis of having sex. Correct. And just to get back to the age claims for one second, in the Gorachowski v. City of New York case, Judge Sand wrote, and this court affirmed, the plaintiff does not identify any individuals promoted in his stead or provide any basis for his belief that those hired were younger or non-minority, nor does he identify any comments made by supervisors or colleagues or any other facts that would imply he was denied the promotions on account of his age or ancestry. His belief is insufficient without specific factual allegations to enable the court to evaluate his information and belief assertions. That's really what we have here. We have a number of conclusory assertions with no details of them whatsoever, and they do not make out a plausible claim of discrimination. Thank you, Your Honor. We'll hear the rebuttal. Thank you, Your Honor. My adversary on a number of occasions alleges that the fact that we didn't allege in our pleadings that senior management had made comments, improper comments. Lo and behold, the management people there are smart enough never to say, by the way, we're going to have policies that are going to target older people. And if that would be the standard, we'd— You have to make more than just a possible showing. You have to make a plausible showing in order to get through to discovery. That's the problem that you face. I mean, that's the way that these cases were decided. They do, and I don't disagree with that. But when you are given a reason for termination, Your Honor pointed out correctly that the woman that we alleged was the comparator, she said it on multiple times, used similar language. I didn't put in the exact words that were there, but we said similar words were used, and she used it multiple times. So clearly, there's at least a reasonable inference of plausibility. That's not really the reason, because plaintiffs only use profanity one time. One time in 12 years, you get the comparator multiple times. There has to be some pleading as to what the real reason is. I think courts have held it— I'm not sure that you can get there by just proving the pretext without some showing of the real reason, and that the real reason was one that was prohibited by the Act, by an Act. I think at that point, if there's a pretext, if they're lying about the reason they're terminating him, then you at least get a reasonable inference. A fact finder may conclude— Your point is actually that in the complaint at 812 and 813, I take it, it alleges that in replacing plaintiffs, the employer sought people who were younger, and that your client was replaced with a younger individual, and that should be enough under a better judgment. Yes, Your Honor, and there you go. But more than that— In other words, you've got to replace the person who is fired and for which there is no reason that's apparent as to why that was done other than the statements. You have to replace that person with an older person. Is that— A younger person. A younger person. If you replace the person with a younger person, then that's evidence against you, but if you want to act properly, you replace the person with an older person. If they replace the person with an older person, I would agree that that's pretty strong evidence that age was not the reason they were getting rid of him. I would concede that fact. How many lawyers are going to do that? Well, I guess when faced with a lawsuit, but if that's even more the reason why it would appear that age was a likely reason. And again, I'm not obligated to prove that was the reason. I'm obligated to prove that it's plausible that that was the reason. And I just think that we're requiring to acquire a plaintiff, especially in these kind of cases where I've got to prove intent and motive. Those are not easily provable things in general, but forget about just in pleadings. Thank you. Thank you, Your Honor. We'll reserve decision. That completes the calendar for today. I'll ask the clerk to adjourn. Court is adjourned.